IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARPEAH RUDOLPH NYENEKOR, SR.,** | : | CIVIL NO. 1:16-CV-2197 |
| | : | |
| | : | (Chief Judge Conner) |
| **Petitioner** | : | |
| | : | |
| v. | : | |
| | : | |
| **WARDEN SPAULDING,** | : | |
| | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Carpeah Rudolph Nyenekor ("Nyenekor"), an inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania.  Nyenekor seeks to proceed *in forma pauperis*.  (Doc. 8).  Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed.

**I.     Background**

Nyenekor alleges that he was transferred to solitary confinement for allegedly refusing his assignment to a top bunk on a top tier.  (Doc. 1, at 6-7).  He alleges that his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA") are being violated because he is a "sick and elderly black"

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  See R. GOVERNING § 2254 CASES R.1(b).

male and should be exempt from a top tier, top bunk assignment. (Id.) He also challenges his assignment to a cell with a "26 year[] old gang member." (Id. at 7). Nyenekor next claims that, as an inmate with several advanced degrees, he should be exempt from participating in education classes at FCI-Allenwood. (Id. at 9). He further states that his legal paperwork was confiscated and he is being denied access to the courts. (Id. at 10). Lastly, Nyenekor asserts that his rights under the Eighth Amendment and the ADA are being violated in that he was issued misconducts at FCI-Allenwood. (Id. at 8). Nyenekor seeks an order releasing him from solitary confinement, transferring him to a medical prison, exempting him from education classes, and dismissing the misconduct charges. (Id.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Nyenekor does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges his transfer to solitary confinement and his cell assignments. (Doc. 1, pp. 6-7). Additionally, he claims that his ability to access the courts is being obstructed, he disagrees with the Bureau of Prisons' inmate education program, and claims that the disciplinary sanctions he received violate his rights under the Eighth Amendment and the ADA. (Id. at 8-10). Because Nyenekor is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Nyenekor may have to reassert his present claims in a properly filed civil rights complaint. To the extent that Nyenekor wishes to assert any violation of his rights in the context of a prison disciplinary hearing, he must set forth such claims in a properly filed habeas petition.

An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

Dated:    November 18, 2016